pear; nor is it, in our opinion, material to inquire. There is no pretense that he bet the money with defendants nor that they had anything to do with the transaction except to hand Wayne's money over to Ledsworth, knowing that he had directed Ledsworth to bet the same with some third person. Under our statute a "loser" may recover from a "winner" money won in gambling, but the money in question was not "won" by the defendants. The defendants did not aid or abet the plaintiff to bet on the election. They only paid his money on his order to Ledsworth, and we know of no case which holds that money so paid can be recovered by the person ordering it paid from the person paying it. In carrying out the orders of the plaintiff, McCormick and Ledsworth were not acting as agents of the defendants or in the course of their duty as defendants' employees, but as agents for and under the express directions of the plaintiff.

We think the court properly held that the plaintiff was not entitled to recover the money so paid.

We think that on the entire case the judgment is right and it is affirmed.

*Affirmed.*

John F. Devine, Administrator, Defendant in Error, v. W. G. Johnson, Receiver, Plaintiff in Error.

Gen. No. 20,174.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. JOHN A. DOWDALL, Judge, presiding. Heard in this court at the March term, 1914. Reversed with finding of fact. Opinion filed November 30, 1914.

Devine v. Johnson, 190 Ill. App. 6.

Statement of the Case.

Action by John F. Devine suing as administrator of the estate of John William Tullock, deceased, against W. O. Johnson, receiver of the Chicago & Milwaukee Electric Railroad Company, for damages resulting from the death of the plaintiff's intestate through being struck by defendant's car. From a judgment for Ten Thousand Dollars in favor of the administrator of the estate, defendant appeals.

The tracks of the railroad company at Highland Park were laid on top of an embankment fifteen to twenty feet above the level of the street on which deceased approached the tracks.

A regular car ran south at 7:40 P. M., which did not stop at the Morain Road station except to discharge passengers, or when there were persons on the platform who indicated a wish to take the car. The deceased, with three companions, approached the tracks on the walk alongside of the Morain Road. That the car was in plain sight before the deceased reached the steps leading to the top of the embankment was proved by the testimony of his three companions, who were called as witnessess by the plaintiff. Marshall, the leader, testified that he saw the car when it was half a mile away, that its lights were lit, and after he saw it he walked up the stairs. Gilbert Halcrow testified that he saw the car when it was three hundred feet away, and John Halcrow testified that when he and deceased were below the stairs he said to deceased: "I wonder if we will catch that car," and deceased answered: "Sure we will." From the top of the stairs a walk led to the south end of the east platform, and from the center of that platform at a point about seventy-five feet north of the top of the stairs a walk led across the tracks to the west platform. The deceased and his companions attempted to cross the tracks at an angle going northwesterly. The other three men crossed the west track safely, but the deceased in attempting to cross it a few feet south of

the south end of the platform was struck by the car and killed.

BULL & JOHNSON, for plaintiff in error.

DANIEL A. LEVY, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 678*—*when crossing track in front of approaching car constitutes contributory negligence.* Where decedent was struck by an electric suburban car while attempting to cross the track in front of the car, which he knew to be coming and there was no obstruction to his view nor necessity for making the attempt, he was *held* not to have been in the exercise of ordinary care at the time of his death.

2. RAILROADS, § 678*—*effect of error of judgment in crossing tracks.* Where a pedestrian in attempting to reach a car misjudges his ability to cross in front of such approaching suburban electric car and is run down, no one besides himself can be held responsible for his error of judgment, through which he loses his life.

---

### Raymond C. Thayer, Appellee, v. Niobie G. Thayer, Appellant.

#### Gen. No. 20,199.

DIVORCE, § 168*—*how decree effects property rights.* Where, in a divorce suit, the parties entered into an agreement, approved by the court in its decree, that the wife should have all the personal property and she should pay the husband fifteen hundred dollars for his interest in certain real estate, for which she gave her notes, secured by a trust deed on the property, the decree fixing their property rights was *held* binding in a suit to foreclose the trust deed, when she refused to pay certain of the unpaid notes and re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.